**STATE of Tennessee, Appellant,**

v.

**Herschel HAWKINS, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 13, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, for appellant.

William L. Brown, Brown, Brown & Griffin, Chattanooga, for appellee.

## OPINION

O'BRIEN, Judge.

This case represents a Rule 9 appeal by the State from an order of the Hamilton County Criminal Court granting defendant's motion to suppress certain evidence seized from him on April 8, 1983. The trial court found the warrantless search to be unconstitutional and ordered the fruits of the search suppressed. The reasons for the suppression of the evidence are not stated in the record.

The defendant was indicted for possession of marijuana with intent to sell or deliver. The motion to suppress charges that the search, through which the evidence was discovered, was illegal and in violation of defendant's Fourth Amendment rights against unlawful search and seizure. The pertinent part of the record transmitted for our review is the transcript of the suppression hearing, in which a police officer testified to the circumstances of the search, seizure, and arrest of defendant; and the minutes of the trial court sustaining the motion to suppress on the basis that the search was not constitutionally authorized.

The record in this case is incomplete. However, the State assumed the burden, as it properly should,[1] to show that the conduct of the police in this case came within one of the exceptions to the constitutional rule that warrantless searches or seizures are *per se* unreasonable under the Fourth Amendment. *Coolidge,* supra 91 S.Ct. at p. 2032. Police Detective Investigator Charles Cook of the Chattanooga Police Department testified that on April 8, 1983, at about 10:00 p.m. he received a call from a reliable informant who advised him that defendant was on his way to deliver marijuana to 834 East Eighth Street in the City. He had been acquainted with his informant about six or seven months and considered her reliable because she had previously provided him with reliable information. The informant had been in the company of an individual named Jimmy Silvers earlier in the day when they had seen defendant and at that time defendant had the drugs in his possession. The officer was also acquainted with both defendant and Silvers and knew defendant had a reputation for dealing with narcotics. He knew defendant had been arrested previously on narcotic charges, but did not know if he had ever

---

1. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971).

been convicted. He knew that the Eighth Street address was the residence of Jimmy Silvers, and it was known to be a "drug house". He had been to the residence on several occasions with search warrants for narcotics and had arrested Silvers previously on narcotic charges. The drugs sold by Silvers was marijuana. The informant did not advise him how she knew about the delivery, or when it was to be made. At the time he received the call he did not make an extensive inquiry from her, because she advised him that defendant was on his way then and he did not have the time to ask for further details.

Based on the information received from the informant, and his personal knowledge about the defendant and Jimmy Silvers, the officer, accompanied by two other policemen, proceeded to the Eighth Street address where they parked across the street. In about fifteen minutes they observed a white Cadillac automobile, which he knew to be Hawkins' car, driving west on Eighth Street. It stopped in front of the residence at Number 834. Defendant exited from the vehicle and approached the front door of the house. As the officers ran across the street they heard him call out, "Jimmy, I'm out here", or words to that effect. When they reached defendant they found him to be holding two brown grocery sacks. They told him they had "information", and asked to look in his bags. He handed the bags to Officer Cook who looked inside and ascertained they contained marijuana. Defendant was informed of his rights and placed under arrest.

The defense theory of the incident was that there was not sufficient probable cause, based on the information the officer received from his informant, to take the action he did. As we have noted, the record is incomplete and does not include the State's theory on the evidence. The minutes on the hearing include a one-paragraph finding of the trial judge based on his interpretation of the evidence, and the statement that the search was constitutionally unauthorized. We are not benefited by any articulation of his reasons for sustaining the motion, or any statement of authority, therefore we must rely on our own examination of the record to reach an appropriate determination.

If the conclusion reached by the trial judge was based solely on the information the officer related he had received from his informant it would not be unreasonable to assume that his conclusion was correct, and that the evidence would not satisfy the scrutiny of a neutral and detached magistrate for the authorization of a warrant. However, in addition to the information provided by the informant, Officer Cook knew the defendant both by reputation and by sight. He was acquainted with Jimmy Silvers by reputation, and of his own knowledge was aware that Silvers was a dealer in narcotics and that his residence was a "drug house" where traffic in narcotics was prevalent. His information from the informant coupled with his personal knowledge about Hawkins was corroborated by his observation of him as he drove up the street and stopped in front of the suspect dwelling, and established probable cause for his apprehension. Certainly, exigent circumstances existed to seize the paper sacks carried by defendant, and to inspect their contents.

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), the United States Supreme Court has stated clearly that the duty of a reviewing court is simply to insure that a magistrate has a substantial basis for concluding that probable cause exists. In *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) it was also made plain that probable cause is to be considered a flexible, common-sense standard which requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical

probability that incriminating evidence is involved is all that is required. Citing from *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981) the Court further elucidated the probable cause requirement:

> "The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."

In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982), while stressing the fact that in choosing to search without a warrant on their own assessment of probable cause, police officers lose the protection that a warrant would provide to them in an action for damages brought by an individual claiming that the search was unconstitutional, the court specifically stated that, "The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause". Only the prior approval of a magistrate is waived; the search otherwise is as the magistrate could authorize.

We hold that the search and the seizure, regardless of the order in which they occurred, are based on both probable cause and exigent circumstances, and therefore the evidence obtained should not be excluded from consideration by a trier of fact in a trial of this case. The judgment of the trial court sustaining defendant's motion to suppress is overruled and reversed. The case is remanded for further proceedings on the indictment.

DUNCAN and CORNELIUS, JJ., concur.